IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                                :
PARAMOUNT FINANCIAL              :   CIVIL ACTION
COMMUNICATIONS, INC. d/b/a       :   No. 2:15-00405-JD
PLAN MANAGEMENT CORP., et al    :
                                                :
            Plaintiffs,                  :
                                                :
      vs.                                   :
                                                :
BROADRIDGE INVESTOR            :
COMMUNICATION SOLUTIONS, INC. :
                                                :
            Defendant.                  :
_____:

**PLAINTIFFS' MOTION TO COMPEL
FULL AND COMPLETE RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Plaintiffs Paramount Financial Communications, Inc. d/b/a Plan Management Corp. ("Plaintiff Plan Management") and Jonathan Miller ("Plaintiff Miller"), through their undersigned counsel, hereby move, pursuant to Fed. R. Civ. P. 36(a)(6), to determine the sufficiency of answers and objections of Defendant Broadridge Investor Communication Solutions, Inc. ("Defendant" or "Broadridge") in response to Plaintiffs' First Set of Requests for Admission, and in support thereof aver as follows:

1.    This is an action for fraud and breach of a Marketing Agreement (the "Marketing Agreement"), arising out of (i) Defendant's failure to refer prospective clients to Plaintiff Plan Management as required by the Marketing Agreement, and (ii) Defendant's misrepresentations

to Plaintiff Miller which were intended to cause, and did cause, Plaintiff Miller to sell shares of stock to Defendant in reliance thereon.

2. On March 2, 2016, Plaintiffs propounded their First Set of Requests for Admission to Defendant Broadridge (the "Requests for Admission" or the "Requests"), a true and complete copy of which is attached hereto and incorporated herein as Exhibit A. The Requests for Admission included 37 separate Requests.

3. In its reply to the Requests ("Defendant's Response"), Defendant admitted or denied only Requests 14(c) and (d), 29 and 30. Defendant effectively refused to admit or deny the remaining 34 Requests. A true and complete copy of Defendant's Response is attached hereto and incorporated herein as Exhibit B.

4. Thirty-two[1] of Broadridge's 37 replies included the following objection:

> Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case.

5. In each response in which such objection appeared, Broadridge concluded by stating that "Accordingly . . . Broadridge denies this improper request."

6. The Requests at issue (*viz.*, the Requests at issue in the present Motion) were neither (i) seeking a "legal conclusion regarding an ultimate issue," nor (ii) "improper."

7. If Plaintiffs had, in fact, served a Request for Admission seeking an admission concerning an "ultimate" issue, such a Request, if otherwise properly formulated as required by Fed. R. Civ. P. 36(a)(1), would not have been objectionable. Broadridge would have been free to admit it or deny it, according to the facts.

---

[1] Responses 1-13, 14(a) and (b), 15-17, 19-22, 25-28, and 31-37.

8.      In all events, the Requests at issue (all of which were objected to on the basis of the "ultimate issue" formulation) were directed to such mundane factual matters as (i) whether certain contractual notices were provided (Requests 1, 3-4, and 28); (ii) whether Broadridge merged with or acquired another company (Request 13); whether Broadridge's counsel was acting for Broadridge in sending a particular letter (Request 17); and whether Broadridge provided particular services to "corporate stock issuers" (Requests 21-22). Broadridge similarly objected to Requests directed to its contentions in this case (Requests 6, and 8-12), and Requests concerning the contents of the Marketing Agreement and the calculations that the agreement requires (Requests 31-37). Said Requests for Admission and Defendant's responses are attached hereto for the Court's review as Exhibits A and B, respectively.

9.      An "ultimate issue" is "the last question that must be determined by the jury." See *Black's Law Dictionary* (5th ed.1991). A fact is "ultimate" if it is "determinative of the legal issues involved." *Miller v. Fenton*, 741 F.2d 1456, 1464 (3d Cir. 1984), *rev'd on other grounds*, *Miller v. Fenton*, 474 U.S. 104 (1985).

10.     By that standard, or indeed any other conceivable standard, none of Plaintiffs' 37 Requests for Admission involves an "ultimate" fact or issue.

11.     Broadridge's scattershot invocation of the "ultimate issue" objection (in response to no fewer than 34 out of 37 Requests) flouts the plain requirements of Fed. R. Civ. P. 36(a)(1). The repeated objection was either made in bad faith, or without serious consideration of the content of each Request.

12.     Rule 36(a)(1) provides, in pertinent part, that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions

about either; and (B) the genuineness of any described documents." Plaintiffs' Requests for Admission plainly comply with Rule 36(a)(1).

13.     Fed. R. Civ. P. 36(a)(4) and (5) govern the required contents of Responses. Rule 36(a)(4) mandates (emphasis added):

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. *A denial must fairly respond to the substance of the matter;* and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

14.     Fed. R. Civ. P. 36(a)(5) governs objections to Requests for Admission. The Rule provides, in relevant part, as follows:

> (5) *Objections.* The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

15.     Fed. R. Civ. P. 36(a)(6) unambiguously contemplates that a party may "move to determine the sufficiency of an answer or objection" to requests for admission. Plaintiffs believe, and therefore aver, that the 34 answers and objections placed at issue herein are manifestly insufficient, and fail to comply with the requirements of Fed. R. Civ. P. 36(a)(4).

16.     The 1970 Advisory Committee Notes to Rule 36 make plain that a party may not refuse to answer a Request for Admission merely because it believes that a particular issue (such as an "ultimate issue") is in dispute:

> Courts have also divided on whether an answering party may properly object to request for admission as to matters which that party regards as "in dispute." [Citations omitted.] The proper response in such cases is an answer. The very purpose of the request is to ascertain whether the answering party is prepared to admit, or regards the matter as presenting a genuine issue for trial. In his answer, the party may deny, or he may give as his reason for inability to admit or deny the existence of a genuine issue. The party runs no risk of sanctions if the matter is genuinely in issue, since Rule 37(c) provides a sanction of costs only when there are no good reasons for a failure to admit.

17.     Broadridge has failed properly to admit or deny the substance of the Requests for Admission at issue, as required by Fed. R. Civ. P. 36(a)(4).

18.     There is no language in Rule 36 which remotely permits a party to "object" to a Request for Admission, and then claim the right to have the "objection" serve as the basis for claiming that the request is "denied."  The Rule contemplates that a Request shall be admitted (Rule 36(a)(3) and (b)), denied (Rule 36(a)(4)), or made the subject of an objection (Rule 36(a)(5)).

19.     Nothing in Rule 36 permits a party to use an objection as the basis of a denial. Rather, an objection, if legitimate, will only support a refusal to respond to the Request at all.

20.     Rule 36(a)(4)'s requirement that "[a] denial must fairly respond to the substance of the matter" would be entirely undermined if an objection were permitted to serve in a dual role as both an objection and a denial.

21.     Broadridge's sleight-of-hand – that it objects to responding to a fact it describes (however erroneously) as an "ultimate issue" and "accordingly" denies that fact – does not "fairly respond to the substance of the matter" as required by Rule 36(a)(4).  It is a non-denial denial, which discloses nothing about how Broadridge would respond if its frivolous "objection" were overruled.  Plaintiffs are left with (i) a serious lack of information on which to base their trial preparation, and (ii) the need to file the present Motion.

22.     Because of Broadridge's grossly unreasonable refusal to respond to the substance of Plaintiffs' Requests for Admission, the Court may, and should, order that each of the Requests to which Broadridge objected on the basis of its spurious "ultimate issue" objection should be deemed admitted, per Fed. R. Civ. P. 36(a)(4) ("On finding that an answer does not comply with

this rule, the court may order either that the matter is admitted or that an amended answer be served.")

23.     Broadridge objected to Requests 23 and 24 (and each was "accordingly" denied) on the basis that each request was "vague" and/or "ambiguous."[2]

24.     Under Rule 36(a)(4), "when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Plaintiffs submit that a Request asking Broadridge to admit that it has "never developed . . . software systems or platforms . . . for providing ESOPA Services [employee stock option plan administration services] to corporate issuers" is both readily understandable and permits a proper answer. If Broadridge has engaged in activity that might be construed as development of such software, a denial or qualified admission is the proper response. If it has not, the Requests should be admitted. The objection that the Requests are "vague" is plainly unsupported in this context.

25.     Broadridge objected to Requests 6 and 8-12 partly on the basis that each such Request was "outside the scope of matters allowed under Rule 36(a)(1)." Each of the Requests at issue asks Broadridge to admit that its contentions in this case include contentions as to the existence of particular facts. Because Plaintiffs do not necessarily seek to establish any such

---

[2] Requests 23 and 24 read as follows:

23. Please admit that Broadridge never developed, either on its own or through any outsourcing relationship with any third party, any software systems or platforms (including, without limitation, components of such software systems or platforms) for providing ESOPA Services [employee stock option plan administration services] to corporate issuers.

24. Please admit that Broadridge never developed, either on its own or through any outsourcing relationship with any third party, any software systems or platforms (including, without limitation, components of such software systems or platforms) for providing ESSPA Services [employee stock purchase plan administration services to corporate issuers of securities] to corporate issuers.

facts themselves, but need to know whether Broadridge intends to make such an effort at trial, Requests for Admission directed to Broadridge's contentions are both useful and appropriate in this context.

26. Fed. R. Civ. P. 36(a)(1) provides that a party may propound Requests for Admission directed toward "fact, the application of law to fact, or opinions about either." A contention is simply an opinion as to a proper result, and is plainly subject to disclosure in response to Requests for Admission.

27. Additionally, Rule 36(a)(1) provides that Requests for Admission must be answered if they fall within the scope of discovery established for federal lawsuits under Rule 26(b)(1).

28. Rule 26(b)(1) provides, in relevant part, that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

29. Given that Fed. R. Civ. P. 33(a)(2) (Interrogatories) expressly permits discovery of an opposing party's "contentions," there is no reason that a Request for Admission asking a party to admit or deny that it is making a particular claim regarding a particular fact should be viewed as improper. The reference in Rule 36(a)(1)(A) permitting requests for admission directed to "the application of law to fact, or opinions about either" encompasses the standards for discoverability recognized by Rules 26(b)(1) and 33(a)(2), and allows a party to demand admissions concerning an opposing party's contentions. Thus, Plaintiffs' Requests Nos. 6 and 8-12 were manifestly proper.

30. Plaintiffs' Requests concerning the meaning and effect of the Marketing Agreement (Requests 31-37) are entirely proper and within the scope of Rule 36. "A request for

admission that relates to the interpretation of a contract at issue in a case involves the application of law to the unique facts of that case and, therefore, would be permissible under amended Rule 36." *Sigmund v. Starwood Urban Retail VI, LLC*, 236 F.R.D. 43, 46 (D.D.C. 2006).

31.   In addition, the Court may, and should, invoke the principle of judicial estoppel[3] to declare that, if any fact declared by Broadridge to be "ultimate" is later determined in Plaintiffs' favor (by means of special jury interrogatories or otherwise), judgment should be entered summarily in Plaintiffs' favor on the basis of such finding.  Broadridge should not later be permitted to complain that a fact that it has labeled "ultimate" should not be so treated.

**CERTIFICATION OF GOOD FAITH.**

Plaintiff hereby certifies, in conformity with Fed. R. Civ. P. 37(a)(1), that Plaintiff has in good faith conferred and/or attempted to confer (including participation in three (3) meet and confer telephone conferences on May 26, 2016, June 16, 2016 and June 28, 2016, respectively) with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, as evidenced by the correspondence (without exhibits) attached hereto as Exhibit C, but was unable to resolve the matter.

**RELIEF SOUGHT.**

Plaintiffs respectfully ask the Court to grant the present Motion to Compel Full and Complete Responses to Requests for Admission and to take the following actions:

---

[3] "[T]he basic principle of judicial estoppel ... is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003), *quoting*, *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996).

1.	To declare, pursuant to Fed. R. Civ. P. 36(b), that Broadridge's responses to Requests 1-14(a) and (b), 15-28, and 31-37 are deemed admitted for all purposes for the remainder of this Action;

or, in the alternative,

2.	To declare, pursuant to Fed. R. Civ. P. 36(b), that Broadridge's objections to Requests 1-14(a) and (b), 15-28, and 31-37 are overruled, and that Broadridge must provide unqualified admissions or denials in response to said Requests for Admission within ten days of the Court's order.

WHEREFORE, for the reasons set forth herein, and for the additional reasons set forth in the accompanying Memorandum of Law in Support of Plaintiffs' Motion to Compel Full and Complete Responses to Plaintiffs' First Set of Requests for Admission, Plaintiffs Paramount Financial Communications, Inc., d/b/a Plan Management Corp. and Jonathan Miller respectfully pray that the present Motion be granted. A proposed form of Order is submitted herewith.

Respectfully submitted,

*/s/ Henry I. Pass*
Henry Ian Pass, Esquire
LAW OFFICE OF HENRY IAN PASS
3 Bala Plaza East, Suite 700A
Bala Cynwyd, PA 19004
Tel. (610) 660-8001
Fax (610) 660-8004
Email:  hip@hipesq.com

*Counsel for Plaintiffs Paramount Financial Communications, Inc., d/b/a Plan Management Corp. and Jonathan Miller*

September 27, 2016