# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARAMOUNT FINANCIAL COMMUNICATIONS, INC. ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> BROADRIDGE INVESTOR COMMUNICATION SOLUTIONS, INC., <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:15-cv-00405-JD<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S OBJECTIONS AND RESPONSES TO
## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION

Defendant Broadridge Investor Communication Solutions, Inc. ("Broadridge") hereby submits the following Objections and Responses to Plaintiffs' First Set of Requests for Admission, served on or around March 2, 2016.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Broadridge objects to Plaintiffs' instructions to the extent that any of the instructions purport to impose obligations on Broadridge in excess of those contained in the Federal Rules of Civil Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and applicable case law.  Broadridge further objects to Plaintiffs' Instruction No. 7 as imposing obligations on Broadridge in excess of the obligations contained in the Federal Rules of Civil Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and applicable case law.  To the extent Broadridge's answer to any Request is anything other than an unqualified admission, Broadridge's answer will comply with its obligations under the Federal Rules of Civil Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and applicable case law.

2.      Broadridge objects to Plaintiffs' definition of "Admissions" and each Request for Admission incorporating this term as a mischaracterization of the contents of the June 25, 2014 correspondence that was attached as Exhibit C to Plaintiffs' Complaint. Broadridge further objects to Plaintiffs' definition of "Admissions" and each Request for Admission incorporating this term as an impermissible and incorrect legal conclusion.

3.      Broadridge objects to Plaintiffs' definition of "Admissions Letter" and each Request for Admission incorporating this term as a mischaracterization of the contents of the June 25, 2014 correspondence that was attached as Exhibit C to Plaintiffs' Complaint. Broadridge further objects to Plaintiffs' definition of "Admissions Letter" and each Request for Admission incorporating this term as an impermissible and incorrect legal conclusion.

4.      Broadridge objects to Plaintiffs' definition of "Agreements" and each Request for Admission incorporating this term as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, on the grounds that it includes documents that are not relevant to the claims and defenses in this action.

5.      Broadridge objects to Plaintiffs' definition of "BOSI" and each Request for Admission incorporating this term as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case on the grounds that Broadridge Output Solutions, Inc. is a separate entity not named as a party to this lawsuit. Broadridge further objects to Plaintiffs' definition of "BOSI" and each Request for Admission incorporating this term as overly broad and unduly burdensome to the extent Plaintiffs seek information not within Broadridge's possession, custody, or control.

2

6.    Broadridge objects to Plaintiffs' definition of "Broadridge Affiliate" and each Request for Admission incorporating this term as overly broad and unduly burdensome on the grounds that it includes separate entities not named as parties to this lawsuit.  Broadridge further objects to Plaintiffs' definition of "Broadridge Affiliate" and each Request for Admission incorporating this term as overly broad and unduly burdensome to the extent Plaintiffs seek information not within Broadridge's possession, custody, or control.  As used in these responses, "Broadridge" means Broadridge Investor Communication Solutions, Inc. and its predecessors.

7.    Broadridge objects to Plaintiffs' definition of "Defendant," "Broadridge," and "You" as defined in Paragraph 14 of Plaintiffs' Definitions, each Definition incorporating these terms, and each Request for Admission incorporating these terms as overly broad and unduly burdensome on the grounds that they include individuals and entities not named as parties to this lawsuit.  Broadridge further objects to Plaintiffs' definition of "Defendant," "Broadridge," and "You" as defined in Paragraph 14 of Plaintiffs' Definitions and each Request for Admission incorporating these terms as overly broad and unduly burdensome to the extent Plaintiffs seek information not within Broadridge's possession, custody, or control.  Broadridge further objects to Plaintiffs' definition of "You" as defined in Paragraph 14 of Plaintiffs' Definitions, each Definition incorporating these terms, and each Request for Admission incorporating this term as vague and ambiguous on the grounds that Plaintiffs defined "You" differently in Paragraph 39 of Plaintiffs' Definitions.

8.    Broadridge objects to Plaintiffs' definition of "ESOPA Services" as vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the use of the undefined terms "provision" and "administration services."  Broadridge further objects to Plaintiffs' definition of "ESOPA Services" as vague and ambiguous in light of three other

3

definitions of "ESOPA Services" provided in (1) Plaintiffs' First Set of Interrogatories and Plaintiffs' First Set of Requests for Production of Documents, (2) Plaintiffs' Second Set of Interrogatories, and (3) Plaintiffs' Second Set of Requests for Production of Documents.

9.      Broadridge objects to Plaintiffs' definition of "ESPPA Services" as vague, ambiguous, overly broad, and unduly burdensome, particularly with respect to the use of the undefined terms "provision" and "administration services." Broadridge further objects to Plaintiffs' definition of "ESPPA Services" as vague and ambiguous in light of two other definitions of "ESPPA Services" provided in (1) Plaintiffs' Second Set of Interrogatories, and (2) Plaintiffs' Second Set of Requests for Production of Documents.

10.      Broadridge objects to Plaintiffs' definition of "Parties" and each Request for Admission incorporating this term as overly broad and unduly burdensome on the grounds that it includes individuals and separate entities not named as parties to this lawsuit.

11.      Broadridge objects to Plaintiffs' definition of "Period" and each Request for Admission incorporating this term as vague and ambiguous, particularly with respect to the use of the phrase "the period commencing March 10, 2010."

12.      Broadridge objects to Plaintiffs' definition of "Possession, custody, or control" and each Request for Admission incorporating this term as overly broad and unduly burdensome on the grounds that it imposes obligations on Broadridge beyond those contained in the Federal Rules of Civil Procedure, Local Rules for the Eastern District of Pennsylvania, and applicable case law.

13.      Broadridge objects to Plaintiffs' definition of "Referral Customers" and each Request for Admission incorporating this term as vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case on the grounds that it refers to "any

4

customers." Broadridge further objects to Plaintiffs' definition of "Referral Customers" and each Request for Admission incorporating this term as an inappropriate and incorrect legal conclusion regarding the terms of the Marketing Agreement between Broadridge and Plan Management.

14.     Broadridge objects to Plaintiffs' definition of "Referral Target" and each Request for Admission incorporating this term as inaccurate and a mischaracterization of the Marketing Agreement between Broadridge and Plan Management.  Broadridge further objects to Plaintiffs' definition of "Referral Target" and each Request for Admission incorporating this term as an inappropriate and incorrect legal conclusion regarding the terms of the Marketing Agreement.

15.     Broadridge objects to Plaintiffs' definition of "Representative" and each Request for Admission incorporating this term as vague, ambiguous, overly broad, and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case on the grounds that it includes individuals and entities not named as parties to this lawsuit and/or not acting or purporting to act on behalf of individuals and entities not named as parties to this lawsuit.

16.     Broadridge objects to Plaintiffs' definition of "Service Providers" and each Request for Admission incorporating this term as vague, ambiguous, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case on the grounds that it purports to include "all companies" that provided very broad services, without limitation to time, geographic region, or type of customer served by these unidentified "all companies."

17.     Broadridge objects to Plaintiffs' definition of "Transactions" and each Request for Admission incorporating this term as overly broad, unduly burdensome, not reasonably

calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case on the grounds that it includes documents that are not relevant to the claims and defenses in this action. Broadridge further objects to Plaintiffs' definition of "Transactions" and each Request for Admission incorporating this term as vague and ambiguous, particularly with respect to the broad and undefined term "undertakings required."

18.    Broadridge objects to Plaintiffs' definition of "You" and "Your" as defined in Paragraph 39 of Plaintiffs' Definitions, each Definition incorporating these terms, and each Request for Admission incorporating these terms as overly broad and unduly burdensome on the grounds that it includes individuals and entities not named as parties to this lawsuit. Broadridge further objects to Plaintiffs' definition of "You" and "Your" as defined in Paragraph 39 of Plaintiffs' Definitions and each Request for Admission incorporating these terms as overly broad and unduly burdensome to the extent Plaintiffs seek information not within Broadridge's possession, custody, or control. Broadridge further objects to Plaintiffs' definition of "You" as defined in Paragraph 39 of Plaintiffs' Definitions, each Definition incorporating this term, and each Request for Admission incorporating this term as vague and ambiguous on the grounds that Plaintiffs have provided a different definition of "You" in Paragraph 14 of Plaintiffs' Definitions.

## OBJECTIONS TO DEPOSITION SUBJECT MATTER

**Request No. 1:**

Please admit that Broadridge never notified PMC of a material breach by PMC of any obligation of PMC under the Marketing Agreement.

**Response to Request No. 1:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule

6

36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.,*

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 2:**

Please admit that the Initial Term of the Marketing Agreement automatically renewed for
a successive one (1) year renewal term commencing as of March 10, 2015 ("Renewal Term")
pursuant to Section 3(e) of the Marketing Agreement.

**Response to Request No. 2:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein.  Broadridge further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed under Rule

36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.,*

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 3:**

> Please admit that Broadridge never notified PMC of its election to terminate the
> Marketing Agreement upon sixty (60) days' advance written notice at any time during the
> Renewal Term.

**Response to Request No. 3:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein. Broadridge further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed under Rule

36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*,

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 4:**

      Please admit that Broadridge never attempted to terminate the Marketing Agreement other than through the putative notice letter dated January 9, 2015 attached hereto as Exhibit 1.

**Response to Request No. 4:**

      Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.,* No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 5:**

      Please admit that PMC fully complied with its obligations under Section 8 of the Marketing Agreement without exception. If your response to this Request is anything other than admitted, then, in addition to adhering to the Instructions set forth on the first page, describe in reasonable detail all instances where PMC failed to fully comply with its obligations under Section 8 of the Marketing Agreement.

**Response to Request No. 5:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request as seeking the admission of matters that are not within Broadridge's possession, custody, or control. Broadridge further objects to the Request and the instructions included therein as imposing obligations on Broadridge beyond those set forth in the Federal Rules of Civil Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and applicable case law. Broadridge further objects to the Request as including an impermissible Interrogatory that is in excess of the forty (40) interrogatories agreed to among the parties. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

10

**Request No. 6:**

Please admit that Broadridge alleges that Broadridge fully complied with its obligations under Section 12 of the Marketing Agreement since March 8, 2010 without exception. If your response to this Request is anything other than admitted then, in addition to adhering to the Instructions set forth on the first page, describe in reasonable detail all instances where Broadridge failed to fully comply with its obligations under Section 12 of the Marketing Agreement.

**Response to Request No. 6:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein. Broadridge further objects to the Request and the instructions included therein as

imposing obligations on Broadridge beyond those set forth in the Federal Rules of Civil

Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and

applicable case law. Broadridge further objects to the Request as including an impermissible

Interrogatory that is in excess of the forty (40) interrogatories agreed to among the parties.

Broadridge further objects to the Request on the grounds that it is not a proper request because it

seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the

Federal Rules of Civil Procedure. Broadridge further objects to the Request on the grounds that

it is not a proper request because it seeks an admission as to a legal conclusion regarding an

ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424,

2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly

objectionable when they call for a conclusion of one of the ultimate issues in the case.");

*McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17,

2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case

are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the

case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at *

2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and objections

to definitions and instructions, Broadridge denies this improper Request.

**Request No. 7:**

     Please admit that Section 12 of the Marketing Agreement required Broadridge to refer to PMC Viable Clients seeking or in need of the following services in addition to ESOPA Services: (a) plan administration services for employee stock purchase plans for public or private companies (where the plan administer (i) does not issue issuer share certificates or book entry positions on the books of the issuer, (ii) does not issue DWAC's shares, (iii) or issues DRS statements); (b) warrant plans or programs; (c) tax preparation, mailing and filing services unrelated to the Transfer Business; (d) employee/director/consultant equity compensation plans or programs, whether stock or cash settled, or (e) any other type of administration of materially similar incentive plans.

**Response to Request No. 7:**

     Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein.  Broadridge further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed under Rule

36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*,

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 8:**

Please admit that Broadridge alleges to have fully performed all of its obligations under Section 14 of the Marketing Agreement. If your response to this Request is anything other than admitted, then, in addition to adhering to the Instructions set forth on the first page, describe in reasonable detail all instances where Broadridge failed to fully perform all of its obligations under Section 14 of the Marketing Agreement.

**Response to Request No. 8:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein. Broadridge further objects to the Request and the instructions included therein as

imposing obligations on Broadridge beyond those set forth in the Federal Rules of Civil

Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and

applicable case law. Broadridge further objects to the Request as including an impermissible

Interrogatory that is in excess of the forty (40) interrogatories agreed to among the parties.

Broadridge further objects to the Request on the grounds that it is not a proper request because it

seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the

Federal Rules of Civil Procedure. Broadridge further objects to the Request on the grounds that

it is not a proper request because it seeks an admission as to a legal conclusion regarding an

ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424,

2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly

objectionable when they call for a conclusion of one of the ultimate issues in the case.");

*McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17,

2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case

are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the

case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at *

2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and objections

to definitions and instructions, Broadridge denies this improper Request.

**Request No. 9:**

Please admit that Broadridge alleges to have fully complied with its obligations under item #1 set forth in Exhibit "B" to the Marketing Agreement without exception.  If your response to this Request is anything other than admitted, then, in addition to adhering to the Instructions set forth on the first page, describe in reasonable detail all instances where Broadridge failed to fully comply with its obligations under item #1 set forth in Exhibit "B" to the Marketing Agreement.

**Response to Request No. 9:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein.  Broadridge further objects to the Request and the instructions included therein as

imposing obligations on Broadridge beyond those set forth in the Federal Rules of Civil

Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and

applicable case law.  Broadridge further objects to the Request as including an impermissible

Interrogatory that is in excess of the forty (40) interrogatories agreed to among the parties.

Broadridge further objects to the Request on the grounds that it is not a proper request because it

seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the

Federal Rules of Civil Procedure.  Broadridge further objects to the Request on the grounds that

it is not a proper request because it seeks an admission as to a legal conclusion regarding an

ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424,

2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly

objectionable when they call for a conclusion of one of the ultimate issues in the case.");

*McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17,

2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case

are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the

case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at *

14

2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and objections

to definitions and instructions, Broadridge denies this improper Request.

**Request No. 10:**

Please admit that Broadridge alleges to have fully complied with its obligations under
item #2 set forth in Exhibit "B" to the Marketing Agreement without exception.  If your response
to this Request is anything other than admitted, then, in addition to adhering to the Instructions
set forth on the first page, describe in reasonable detail all instances where Broadridge failed to
fully comply with its obligations under item #2 set forth in Exhibit "B" to the Marketing
Agreement.

**Response to Request No. 10:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein.  Broadridge further objects to the Request and the instructions included therein as

imposing obligations on Broadridge beyond those set forth in the Federal Rules of Civil

Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and

applicable case law.  Broadridge further objects to the Request on the grounds that it is not a

proper request because it seeks the admission of matters outside the scope of matters allowed

under Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the

Request as including an impermissible Interrogatory that is in excess of the forty (40)

interrogatories agreed to among the parties.  Broadridge further objects to the Request on the

grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*,

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 11:**

Please admit that Broadridge alleges to have fully complied with its obligations under item #3 set forth in Exhibit "B" to the Marketing Agreement.  If your response to this Request is anything other than admitted, then, in addition to adhering to the Instructions set forth on the first page, describe in reasonable detail all instances where Broadridge failed to fully comply with its obligations under item #3 set forth in Exhibit "B" to the Marketing Agreement.

**Response to Request No. 11:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein.  Broadridge further objects to the Request and the instructions included therein as imposing obligations on Broadridge beyond those set forth in the Federal Rules of Civil Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and applicable case law.  Broadridge further objects to the Request as including an impermissible Interrogatory that is in excess of the forty (40) interrogatories agreed to among the parties. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case

16

are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the

case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at *

2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and objections

to definitions and instructions, Broadridge denies this improper Request.

**Request No. 12:**

      Please admit that Broadridge alleges to have fully complied with its obligations under item #4 set forth in Exhibit "B" to the Marketing Agreement without exception.  If your response to this Request is anything other than admitted, then, in addition to adhering to the Instructions set forth on the first page, describe in reasonable detail all instances where Broadridge failed to fully comply with its obligations under item #4 set forth in Exhibit "B" to the Marketing Agreement.

**Response to Request No. 12:**

      Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein.  Broadridge further objects to the Request and the instructions included therein as

imposing obligations on Broadridge beyond those set forth in the Federal Rules of Civil

Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and

applicable case law.  Broadridge further objects to the Request as including an impermissible

Interrogatory that is in excess of the forty (40) interrogatories agreed to among the parties.

Broadridge further objects to the Request on the grounds that it is not a proper request because it

seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the

Federal Rules of Civil Procedure.  Broadridge further objects to the Request on the grounds that

it is not a proper request because it seeks an admission as to a legal conclusion regarding an

ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424,

2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly

objectionable when they call for a conclusion of one of the ultimate issues in the case.");

*McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17,

2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 13:**

Please admit that, during the Period, Broadridge never acquired or merged with any company, including acquisition of a substantial portion of such company's assets, that provides Plan Administration Services (as defined in the Marketing Agreement), which, in the calendar year prior to the acquisition, had consolidated revenues from Plan Administration Services constituting more than one-third (33.33%) of the total consolidated revenue of such company.

**Response to Request No. 13:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein.  Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

18

at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 14:**

Please admit that,

(a)     Broadridge was not induced to enter into the Marketing Agreement by any
representation or warranty not set forth in the Marketing Agreement;

(b)     The Marketing Agreement contains the entire agreement and
understanding of the parties with respect to its subject matter and
supersedes all existing agreements and all other oral, written or other
communications between them concerning its subject matter;

(c)     The Marketing Agreement was not modified in any way:

(d)     Broadridge has not assigned the Marketing Agreement.

If your response to this Request is anything other than admitted, then, in addition to
adhering to the Instructions set forth on the first page, describe in reasonable detail the reasons
and basis for that response.

**Response to Request No. 14:**

(a)     Broadridge incorporates the objections to definitions and instructions as if set

forth fully herein. Broadridge further objects to the Request, including its

subparts, as seeking admissions in excess of the forty (40) requests for admission

agreed to among the parties. Broadridge further objects to the Request and the

instructions included therein as imposing obligations on Broadridge beyond those

set forth in the Federal Rules of Civil Procedure, Local Rules of Civil Procedure

for the Eastern District of Pennsylvania, and applicable case law. Broadridge

further objects to the Request as including an impermissible Interrogatory that is

in excess of the forty (40) interrogatories agreed to among the parties. Broadridge

further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed

under Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further

objects to the Request on the grounds that it is not a proper request because it

seeks an admission as to a legal conclusion regarding an ultimate issue in this

case.  *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008

WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly

objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1

(E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law

and relating to facts of the case are 'properly objectionable' when they call 'for a

conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The

United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5,

1991)).  Accordingly, and subject to the foregoing objections and objections to

definitions and instructions, Broadridge denies this improper Request.

(b)      Broadridge incorporates the objections to definitions and instructions as if set

forth fully herein.  Broadridge further objects to the Request, including its

subparts, as seeking admissions in excess of the forty (40) requests for admission

agreed to among the parties.  Broadridge further objects to the Request and the

instructions included therein as imposing obligations on Broadridge beyond those

set forth in the Federal Rules of Civil Procedure, Local Rules of Civil Procedure

for the Eastern District of Pennsylvania, and applicable case law.  Broadridge

further objects to the Request as including an impermissible Interrogatory that is

in excess of the forty (40) interrogatories agreed to among the parties.  Broadridge

further objects to the Request on the grounds that it is not a proper request

20

because it seeks the admission of matters outside the scope of matters allowed

under Rule 36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further

objects to the Request on the grounds that it is not a proper request because it

seeks an admission as to a legal conclusion regarding an ultimate issue in this

case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008

WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly

objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1

(E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law

and relating to facts of the case are 'properly objectionable' when they call 'for a

conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The

United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5,

1991)). Accordingly, and subject to the foregoing objections and objections to

definitions and instructions, Broadridge denies this improper Request.

(c)      Broadridge incorporates the objections to definitions and instructions as if set

forth fully herein. Broadridge further objects to the Request, including its

subparts, as seeking admissions in excess of the forty (40) requests for admission

agreed to among the parties. Broadridge further objects to the Request and the

instructions included therein as imposing obligations on Broadridge beyond those

set forth in the Federal Rules of Civil Procedure, Local Rules of Civil Procedure

for the Eastern District of Pennsylvania, and applicable case law. Broadridge

further objects to the Request as including an impermissible Interrogatory that is

in excess of the forty (40) interrogatories agreed to among the parties. Subject to

the foregoing objections and objections to definitions and instructions, Broadridge

admits this Request.

(d)      Broadridge incorporates the objections to definitions and instructions as if set

forth fully herein.  Broadridge further objects to the Request, including its

subparts, as seeking admissions in excess of the forty (40) requests for admission

agreed to among the parties.  Broadridge further objects to the Request and the

instructions included therein as imposing obligations on Broadridge beyond those

set forth in the Federal Rules of Civil Procedure, Local Rules of Civil Procedure

for the Eastern District of Pennsylvania, and applicable case law.  Broadridge

further objects to the Request as including an impermissible Interrogatory that is

in excess of the forty (40) interrogatories agreed to among the parties.  Subject to

the foregoing objections and objections to definitions and instructions, Broadridge

admits this Request.

**Request No. 15:**

Please admit that, before Broadridge entered into the Stock Purchase Agreement and
Marketing Agreement, Broadridge had knowledge of the following positions communicated in
writing to Broadridge or its counsel by or on behalf of Jonathan Miller and expressly set forth in
the Bates stamped documents produced by Plaintiffs to Defendants appearing at the end of (a)-
(d) below:

(a)      "We have been very forthright since we first started talking about the
importance we place on the name, resources, synergies, and commitment
that we expected Broadridge to put behind Plan Management, as we
consider Plan Management a prime element of our personal futures.  **We
would never agree to a sale of StockTrans** on the basis we have talked
about **without this essential part of the deal**."  [Emphasis added]
[PARAMOUNT 00717-00718].

(b)      "I want to reiterate again . . . though, that **this deal hinges on** a substantial
marketing and sales effort, both measurable, for Plan Management."
[Emphasis added] [PARAMOUNT 00658].

22

(c)     "Under any set of circumstances, and irrespective of the stock purchase agreement between us, any marketing arrangement of this nature would include a restrictive covenant of the type we inserted.  The only other alternative would be for BR to buy PMC at an agreeable price." [PARAMOUNT 00892].

(d)     "As Broadridge has been aware from the start, Jon and Christina's ability to grow Plan Management through the synergies, cross selling and other 'partnership' strategies that Broadridge brings to the table has always been a mission critical driver of their decision to sell StockTrans to Broadridge in the first instance . . . ." [PARAMOUNT 001012].

**Response to Request No. 15:**

(a)     Broadridge incorporates the objections to definitions and instructions as if set forth fully herein.  Broadridge further objects to the Request, including its subparts, as seeking admissions in excess of the forty (40) requests for admission agreed to among the parties.  Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)).

23

Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

(b)    Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request, including its subparts, as seeking admissions in excess of the forty (40) requests for admission agreed to among the parties. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

(c)    Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request, including its

24

subparts, as seeking admissions in excess of the forty (40) requests for admission agreed to among the parties. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

(d)    Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request, including its subparts, as seeking admissions in excess of the forty (40) requests for admission agreed to among the parties. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of

25

Civil Procedure. Broadridge further objects to the Request on the grounds that it

is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case. *See Zen Investments, LLC*

*v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct.

7, 2008) ("Requests for admission are properly objectionable when they call for a

conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*,

No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008)

("Requests for Admission calling for conclusions of law and relating to facts of

the case are 'properly objectionable' when they call 'for a conclusion of one of

the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of*

*America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)).

Accordingly, and subject to the foregoing objections and objections to definitions

and instructions, Broadridge denies this improper Request.

## Request No. 16:

Please admit that the Guarantee Agreement dated as of March 8, 2010, a copy of which is attached hereto as Exhibit 2, is currently in full force and effect and that Broadridge Financial Solutions, Inc., as Guarantor, is fully liable for any judgment obtained by Plaintiffs PMC and Jonathan Miller for claims against Broadridge Investor Communication Solutions, Inc. in the Complaint.

## Response to Request No. 16:

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein. Broadridge further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed under Rule

36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*,

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

### Request No. 17:

Please admit that in signing and sending those certain letters dated June 25, 2014 and September 10, 2014, respectively, in response to Plaintiff's counsel's letter of June 5, 2014 and August 7, 2014, respectively, Michael Adelman, Esq. was communicating Broadridge's position as Broadridge's counsel with full authority and approval to do so.

### Response to Request No. 17:

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein.  Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 18:**

Please admit that Broadridge has produced to Plaintiffs all Documents in its possession, custody or control that are responsive to Plaintiffs' requests set forth in Plaintiffs' First Request for Production of Documents directed to Defendant other than Documents which Broadridge claims to be privileged pursuant to Defendant's Log of Documents Redacted and Defendant's Log of Documents Withheld provided to Plaintiffs on January 5, 2016.

**Response to Request No. 18:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request as imposing a burden on Broadridge beyond the obligations provided for in the Federal Rules of Civil Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and applicable case law. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure. Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 19:**

Please admit that Broadridge never referred an existing or prospective corporate issuer client of Broadridge expressing an interest in obtaining ESOPA Services to any company providing ESOPA Services other than to PMC during the Period.

**Response to Request No. 19:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 20:**

Please admit that Broadridge never referred an existing or prospective corporate issuer client expressing an interest in obtaining ESPPA Services to any company providing ESPPA Services other than to PMC during the Period.

**Response to Request No. 20:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 21:**

Please admit that Broadridge has never directly provided ESOPA Services to any corporate issuer client of Broadridge from March 10, 2010 to the present.

**Response to Request No. 21:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

30

**Request No. 22:**

Please admit that Broadridge has never provided ESOPA Services to any corporate issuer client of Broadridge from March 8, 2015 to the present except as expressly permitted under the Marketing Agreement.

**Response to Request No. 22:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request as overly broad on the grounds that it is not limited to the time period at issue in the claims and defenses in this action. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 23:**

Please admit that Broadridge never developed, either on its own or through any outsourcing relationship with any third party, any software systems or platforms (including, without limitation, components of such software systems or platforms) for providing ESOPA Services to corporate issuers.

31

**Response to Request No. 23:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein.  Broadridge further objects to the Request as overly broad and unduly burdensome on the grounds that the Request seeks the admission of matters without regard to time period, including without limitation to the time period at issue in the claims and defenses in this action. Broadridge further objects to the Request as overly broad, unduly burdensome, vague, and ambiguous on the grounds that it seeks the admission of matters related to unlimited and undefined entities, such as "any third party" and "corporate issuers."  Broadridge further objects to the Request as vague and ambiguous, particularly with respect to the use of the undefined phrases "outsourcing relationship," "software systems or platforms," "providing," and "corporate issuers."  Broadridge further objects to the Request as an improper request because "[t]o compel answers to vague and indefinite questions capable of more than one interpretation and which require an explanation thwarts the purposes of Rule 36(a)."  *Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008). Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 24:**

Please admit that Broadridge never developed, either on its own or through any outsourcing relationship with any third party, any software systems or platforms (including, without limitation, components of such software systems or platforms) for providing ESSPA Services to corporate issuers.

**Response to Request No. 24:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein.  Broadridge further objects to the Request as overly broad and unduly burdensome on the grounds that the Request seeks the admission of matters without regard to time period, including

without limitation to the time period at issue in the claims and defenses in this action.
Broadridge further objects to the Request as overly broad, unduly burdensome, vague, and
ambiguous on the grounds that it seeks the admission of matters related to unlimited and
undefined entities, such as "any third party" and "corporate issuers." Broadridge further objects
to the Request as vague and ambiguous, particularly with respect to the use of the undefined
phrases "outsourcing relationship," "software systems or platforms," "providing," and "corporate
issuers." Broadridge further objects to the Request as an improper request because "[t]o compel
answers to vague and indefinite questions capable of more than one interpretation and which
require an explanation thwarts the purposes of Rule 36(a)." *Zen Investments, LLC
v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008).
Accordingly, and subject to the foregoing objections and objections to definitions and
instructions, Broadridge denies this improper Request.

**Request No. 25:**

Please admit that Broadridge has no knowledge of any existing or prospective Broadridge
client(s) during the Period that would have qualified as a Viable Client under the Marketing
Agreement (after receiving a demonstration of OptionTrax as set forth therein) that Broadridge
did not refer to PMC during the Period.

**Response to Request No. 25:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully
herein. Broadridge further objects to the Request on the grounds that it is not a proper request
because it seeks the admission of matters outside the scope of matters allowed under Rule
36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on
the grounds that it is not a proper request because it seeks an admission as to a legal conclusion
regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*,
No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)). Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 26:**

Please admit that Adam D. Amsterdam, whose signature appears on the signature page of the Stock Purchase Agreement, in his capacity as President of Broadridge Output Solutions, Inc., read and understood all of the terms, conditions and provisions of the SPA prior to signing it including, without limitation, Sections 6.8 and 6.9 of the SPA.

**Response to Request No. 26:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 27:**

Please admit that Adam D. Amsterdam, whose signature appears on the signature page of the Marketing Agreement, in his capacity as President of Broadridge Investor Communication Solutions, Inc., read and understood all of the terms, conditions and provisions of the Marketing Agreement prior to signing it including, without limitations, Section 12 of the Marketing Agreement.

**Response to Request No. 27:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein.  Broadridge further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed under Rule

36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*,

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 28:**

Please admit that Broadridge never notified Plan Management of any election to terminate the Marketing Agreement during the Renewal Term by providing PMC with sixty (60)

days' advance written notice of such termination in accordance with Section 3 of the Marketing Agreement.

**Response to Request No. 28:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein.  Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 29:**

Please admit that the Employee Stock Option Plan or Plans of Broadridge Financial Solutions, Inc. have been administered solely by Broadridge during the period March 8, 2010 to date.  If the answer to the foregoing admission is other than an unqualified admitted, in addition to all other information required under the Instructions, please provide the identity or identities of all companies that provided such ESOPA Services during that time period.

**Response to Request No. 29:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein.  Broadridge further objects to the Request as vague and ambiguous, particularly with

36

respect to the use of the undefined terms "Employee Stock Option Plan or Plans" and

"administered." Broadridge further objects to the Request and the instructions included therein

as imposing obligations on Broadridge beyond those set forth in the Federal Rules of Civil

Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and

applicable case law. Broadridge further objects to the Request as including an impermissible

Interrogatory that is in excess of the forty (40) interrogatories agreed to among the parties.

Broadridge further objects to the Request as overly broad on the grounds that it is not limited to

the time period at issue in the claims and defenses in this action. Broadridge further objects to

the Request as overly broad and not proportional to the needs of the case on the grounds that it

seeks the admission of matters not relevant to the claims and defenses at issue in this action.

Subject to the foregoing objections and objections to definitions and instructions, Broadridge

responds as follows: Denied.

**Request No. 30:**

Please admit that the Employee Stock Purchase Plan or Plans of Broadridge Financial
Solutions, Inc. have been administered solely by Broadridge during the period March 8, 2010 to
date. If the answer to the foregoing admission is other than an unqualified admitted, in addition
to all other information required under the Instructions, please provide the identity or identities
of all companies that provided such ESPPA Services during that time period.

**Response to Request No. 30:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein. Broadridge further objects to the Request as vague and ambiguous, particularly with

respect to the use of the undefined terms "Employee Stock Purchase Plan or Plans" and

"administered." Broadridge further objects to the Request and the instructions included therein

as imposing obligations on Broadridge beyond those set forth in the Federal Rules of Civil

Procedure, Local Rules of Civil Procedure for the Eastern District of Pennsylvania, and

applicable case law. Broadridge further objects to the Request as including an impermissible

Interrogatory that is in excess of the forty (40) interrogatories agreed to among the parties.

Broadridge further objects to the Request as overly broad on the grounds that it is not limited to

the time period at issue in the claims and defenses in this action. Broadridge further objects to

the Request as overly broad and not proportional to the needs of the case on the grounds that it

seeks the admission of matters not relevant to the claims and defenses at issue in this action.

Subject to the foregoing objections and objections to definitions and instructions, Broadridge

responds as follows: Broadridge Financial Solutions, Inc. does not have Employee Stock

Purchase Plan or Plans; therefore, after reasonable inquiry, the information that Broadridge

knows or can readily obtain is insufficient to enable Broadridge to admit or deny Request for

Admission No. 30.

**Request No. 31:**

Please admit that Section 1 of the Marketing Agreement required Broadridge to use
commercially reasonable efforts to refer at least 200 Viable Clients to Plan Management by
March 10, 2011.

**Response to Request No. 31:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein. Broadridge further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed under Rule

36(a)(1) of the Federal Rules of Civil Procedure. Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*,

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

38

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 32:**

Please admit that Section 1 of the Marketing Agreement required Broadridge to use
commercially reasonable efforts to refer at least 220 Viable Clients to Plan Management by
March 10, 2012.

**Response to Request No. 32:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein.  Broadridge further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed under Rule

36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*,

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 33:**

Please admit that Section 1 of the Marketing Agreement required Broadridge to use
commercially reasonable efforts to refer at least 242 Viable Clients to Plan Management by
March 10, 2013.

**Response to Request No. 33:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein.  Broadridge further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed under Rule

36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*,

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 34:**

Please admit that Section 1 of the Marketing Agreement required Broadridge to use
commercially reasonable efforts to refer at least 266 Viable Clients to Plan Management by
March 10, 2014.

**Response to Request No. 34:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein.  Broadridge further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed under Rule

36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case.  *See Zen Investments, LLC v. Unbreakable Co.*,

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 35:**

Please admit that Section 1 of the Marketing Agreement required Broadridge to use
commercially reasonable efforts to refer at least 292 Viable Clients to Plan Management by
March 10, 2015.

**Response to Request No. 35:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein.  Broadridge further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed under Rule

36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*,

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in

the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.

### Request No. 36:

Please admit that Section 1 of the Marketing Agreement required Broadridge to use commercially reasonable efforts to refer at least 321 Viable Clients to Plan Management during the automatic Renewal Term commencing March 10, 2015 and ending March 10, 2016.

### Response to Request No. 36:

Broadridge incorporates the objections to definitions and instructions as if set forth fully

herein.  Broadridge further objects to the Request on the grounds that it is not a proper request

because it seeks the admission of matters outside the scope of matters allowed under Rule

36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on

the grounds that it is not a proper request because it seeks an admission as to a legal conclusion

regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*,

No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission

are properly objectionable when they call for a conclusion of one of the ultimate issues in the

case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June

17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the

case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746, at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and objections to definitions and instructions, Broadridge denies this improper Request.

**Request No. 37:**

Please admit that, had Broadridge elected to terminate the Marketing Agreement as of June 10, 2015, Section 1 of the Marketing Agreement required Broadridge to use commercially reasonable efforts to refer a minimum of 53 Viable Clients to Plan Management during the automatic Renewal Term commencing March 10, 2015 and ending June 10, 2016.

**Response to Request No. 37:**

Broadridge incorporates the objections to definitions and instructions as if set forth fully herein.  Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks the admission of matters outside the scope of matters allowed under Rule 36(a)(1) of the Federal Rules of Civil Procedure.  Broadridge further objects to the Request on the grounds that it is not a proper request because it seeks an admission as to a legal conclusion regarding an ultimate issue in this case. *See Zen Investments, LLC v. Unbreakable Co.*, No. CIV.A. 06-4424, 2008 WL 4489803, at *1 (E.D. Pa. Oct. 7, 2008) ("Requests for admission are properly objectionable when they call for a conclusion of one of the ultimate issues in the case."); *McCarthy v. Darman*, No. CIV.A. 07-CV-3958, 2008 WL 2468694, at *1 (E.D. Pa. June 17, 2008) ("Requests for Admission calling for conclusions of law and relating to facts of the case are 'properly objectionable' when they call 'for a conclusion of one of the ultimate issues in the case.'" (quoting *Ghazerian v. The United States of America*, No. 89-8900, 1991 WL 30746,

43

at * 2 (E.D. Pa. Mar. 5, 1991)).  Accordingly, and subject to the foregoing objections and

objections to definitions and instructions, Broadridge denies this improper Request.


Dated:  April 26, 2016

Chanda A. Miller (Pa. Id. No. 206491)
DRINKER BIDDLE & REATH LLP
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Phone:  (215) 988-2700
Fax:  (215) 988-2757
E-mail:  chanda.miller@dbr.com

Michael O. Adelman (*Pro Hac Vice*)
DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, NJ  07932-1047
Phone:  (973) 549-7000
Fax:  (973) 360-9831
E-mail:  michael.adelman@dbr.com

*Counsel for Defendant Broadridge Investor
Communication Solutions, Inc.*

## CERTIFICATE OF SERVICE

I, Chanda A. Miller, hereby certify that I served a true and correct copy of the

Defendant's Responses and Objections to Plaintiffs' First Set of Requests for Admission via U.S.

mail, postage prepaid, and via electronic mail on the following counsel:

> Henry Ian Pass
> Law Offices of Henry Ian Pass
> 3 Bala Plaza East, Suite 700A
> Bala Cynwyd, PA  19004
> E-mail:  hip@hipesq.com

> *Counsel for Plaintiffs*

Dated:  April 26, 2016

Chanda A. Miller