IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARAMOUNT FINANCIAL | : | CIVIL ACTION |
| COMMUNICATIONS, INC. d/b/a | : | |
| PLAN MANAGEMENT CORP., et al. | : | |
| | : | |
| v. | : | |
| | : | |
| BROADRIDGE INVESTOR | : | |
| COMMUNICATION SOLUTIONS, INC. | : | NO.  15-405 |

**MEMORANDUM OF DECISION**

THOMAS J. RUETER                                            February 7, 2017
United States Magistrate Judge

          Presently before this court is plaintiffs' Motion to Compel Full and Complete

Responses to Plaintiffs' First Set of Requests for Admission (the "Motion," Doc. 38), with an

accompanying memorandum of law in support thereof ("Pls.' Mem. of Law"), and defendant's

Response in opposition to thereto ("Resp.," Doc. 48).  For the reasons set forth herein, the

Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.       BACKGROUND

          This dispute arises in this breach of contract and fraud case.  See Paramount Fin.

Commc'ns, Inc. v. Broadridge Investor Commc'n Solutions, Inc., No. 15-405, slip op. at 5 (E.D.

Pa. July 6, 2015) (DuBois, J.).  At issue with respect to the instant Motion are two contracts:  (1)

the Marketing Agreement; and (2) the Stock Purchase Agreement (the "Stock Agreement").  In

their First Set of Requests for Admissions to defendant, plaintiffs propound thirty-seven requests

for admission ("RFA"), some with subparts.  See Motion Ex. A.  Defendant provided responses

to the RFA, see Motion Ex. B.  Plaintiffs filed the Motion asking this court to rule upon the

sufficiency of defendant's answers and objections to the RFA.  (Motion at 1.)

Defendant contends that plaintiffs' requests are improper under Rule 36 because,

inter alia, they are outside the scope of Rule 36, act as interrogatories, attempt to uncover

defendant's legal theories, are overly broad and vague, and/or seek conclusions of law on

ultimate issues.  (Resp. at 1-2.)  Defendant admitted two RFAs, RFA Nos. 14(c) and 14(d), stated

that, after reasonable inquiry, it was unable to admit or deny RFA No. 30, and objected to and

denied the rest.[1]

## II.    DISCUSSION

"It is well-established that the scope and conduct of discovery are within the

sound discretion of the trial court."  Marroquin-Manriquez v. INS, 699 F.2d 129, 134 (3d Cir.

1983), cert. denied, 467 U.S. 1259 (1984).  Pursuant to Fed. R. Civ. P. 36 ("Rule 36"), a party

may serve requests for admission upon the opposing party.  "A party may serve on any other

party a written request to admit, for purposes of the pending action only, the truth of any matters

within the scope of Rule 26(b)(1), relating to: (A) facts, the application of law to fact, or opinions

about either; and (B) the genuineness of any described documents."  Rule 36(a)(1).  Fed. R. Civ.

P. 26 ("Rule 26") states as follows:

---

[1]      Usually, the responding party either denies an RFA or objects to it, thereby
relieving itself of the obligation to respond.  See Rule 36(a)(4) and (5).  This court will consider
whether defendant's objections are proper, relieving defendant of the requirement to respond.  If
defendant's objections to certain RFAs are not sustained, the court will order defendant to
respond to them.  Defendant also states that plaintiffs and defendant had an agreement to limit
the number of RFAs to forty.  Including subparts, the RFAs propounded by plaintiffs exceed this
limitation.  Plaintiffs acknowledge that they agreed to a forty RFA limit.  (Motion Ex. C at 32.)
The court encourages the parties to work cooperatively to complete this stage of the litigation.

(1) Scope in General.  Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action . . ..

Rule 26(b)(1).

"The purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested." United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 967 (3d Cir. 1988). The Third Circuit Court of Appeals addressed the form of requests permitted under Rule 36.

Where, as here, issues in dispute are requested to be admitted, a denial is a perfectly reasonable response.  Furthermore, the use of only the word "denied" is often sufficient under the rule.  See, e.g., Continental Cas. Co. v. Brummel, 112 F.R.D. 77, 81-82 n.2 (D.Colo. 1986); Kleckner v. Glover Trucking Corp., 103 F.R.D. 553, 557 (M.D. Pa. 1984).  "Regardless of the subject matter of the Rule 36 request, the statement of the fact itself should be in simple and concise terms in order that it can be denied or admitted with an absolute minimum of explanation or qualification." Havenfield Corp. v. H&R Block, Inc.,67 F.R.D. 93, 96 (W.D. Mo. 1973).  "A request for an admission, except in a most unusual circumstance, should be such that it could be answered yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer, such as in the case of privilege." Johnstone v. Cronlund, 25 F.R.D. 42, 46 (E.D. Pa. 1960).  "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." Id. at 45.

United Coal, 839 F.2d at 967-68.  The requesting party "may not present  . . .  a broad and non-specific Request for Admissions of facts." McCarthy v. Darman, 2008 WL 2468694, at *2 (E.D. Pa. June 17, 2008) (citation omitted).

However, Rule 36 did conceive that a request may require more than a simple yes or no answer.  In Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 1992 WL 394425, at *4 (E.D. Pa. Dec. 28, 1992), the court noted that each request need not be phrased so that the responding party can respond with a simple admitted or denied.  Fed. R. Civ. P. 36(a)(4) states: "A denial

must fairly respond to the substance of the matter; and when good faith requires that a party

qualify an answer or deny only a part of the matter, the answer must specify the part admitted and

qualify or deny the rest."  Qualifications are permitted "if the statement, although containing

some truth, conveys unwarranted and unfair inferences, when placed out of context of the whole

truth."  Anthony v. Cabot Corp., 2008 WL 2645152, at *1 (E.D. Pa. July 3, 2008) (citation

omitted).  See also McCarthy v. Darman, 2008 WL 2468694, at *4 (E.D. Pa. June 17, 2008)

(same).  "A party may not object merely because of an unwarranted inference created by a

request for admission taken out of context.  Instead, the proper response is an admission or denial

with sufficient qualification."  Duchesneau v. Cornell Univ., 2010 WL 4117753, at *2 (E.D. Pa.

Oct. 19, 2010) (citations omitted).  In sum, a request for admission is proper if it is stated in

simple and concise terms so that it can be answered: admitted, denied, does not know, or state

why it cannot be admitted or denied.  A request is not improper if simple qualification or

explanation is required to explain the response and to respond fairly to the substance of the

matter, or to avoid unwarranted or unfair inferences.

       The responding party may respond or object to a RFA.  See Rule 36(a)(4), (5).

Once the responding party has answered or objected to a RFA, the requesting party may seek a

judicial determination of the sufficiency of the answers and objections.  United States v. Lorenzo,

1990 WL 83388 (E.D. Pa. June 14, 1990).  In evaluating the sufficiency of the answers or

objections, the court should consider:  (1) whether the denial fairly meets the substance of the

RFA; (2) whether good faith requires that the denial be qualified; and (3) whether any

qualification which has been supplied is a good faith qualification.  Id.  "Answers that appear to

be non-specific, evasive, ambiguous, or that appear to go to the accuracy of the requested

admissions rather than the 'essential truth' contained therein are impermissible and must be amended." Guinan v. A.I. DuPont Hosp. for Children, 2008 WL 938874, at *1 (E.D. Pa. Apr. 7, 2008) (citations omitted).  The responding party should not be permitted to make "hair-splitting distinctions" that frustrate the purpose of the RFA.  Id. (citation omitted).

Defendant objects to many of the RFAs on the ground that the request seeks admission of a legal conclusion regarding an ultimate issue in the case.  Under Rule 36, the scope of a proper RFA may relate to, inter alia, "facts, the application of law to fact, or opinions about either."  Rule 36(a)(1)(A).  See also Rule 36(a)(1) (incorporating Fed. R. Civ. P. 26(b)(1)).  It follows, then, that if a party "is served with a request for admission of a fact that it now knows to be true, it must admit that fact, even if that admission will gut its case and subject it to summary judgment."  Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992).  See also Rule 36(a)(5) ("A party must not object solely on the ground that the request presents a genuine issue for trial.").  The presence of legal conclusions in a RFA does not warrant objection if the RFA applies the law to facts.  Duchesneau, 2010 WL 4117753, at *3.  However, a RFA that "calls for a legal conclusion that is one of the ultimate issues of the case is properly objectionable."  Id.

Lastly, some of plaintiffs' RFAs concern the contents of the Marketing and Stock Agreements.  Such requests are appropriate under Rule 36.  Sig Swiss Industrial Co. v. Fres-Co. Sys., USA, Inc., 1993 WL 147241, at *2 (E.D. Pa. April 30, 1993) (The party responding to such a request must answer the request; a statement that the document speaks for itself is not an acceptable response.).

**1.     Defendant's Objections to the Instructions in the RFAs.**  Instruction numbers 7, 8 and 10 at the beginning of the RFAs require defendant to respond in excess of its obligations

under Rule 36.  Defendant objected to these instructions on this ground.  As detailed above, the

Third Circuit Court of Appeals has stated that "[r]egardless of the subject matter of the Rule 36

request, the statement of the fact itself should be in simple and concise terms in order that it can

be denied or admitted with an absolute minimum of explanation or qualification."  United Coal,

839 F.2d at 967-68 (quotation omitted).  Qualification and explanation is permitted to fairly

respond to the substance of the matter or to avoid unwarranted or unfair inference created by a

request taken out of context.  To the extent the instructions in the RFAs require responses in

excess of that required by Rule 36 and relevant case law, defendant's objections thereto are

sustained and defendant need not comply therewith.

        **2.**     **Defendant's Objections to Definitions in The RFAs.**  Except as otherwise set

forth herein, defendant's objections to the definitions in the RFAs are denied.

        **3.**     **RFA Nos. 14(c), 14(d), 29 and 30.**  These RFAs are not at issue herein.

Although reserving certain objections, defendant admitted RFA Nos. 14(c) and (d), denied RFA

No. 29, and, with respect to RFA No. 30, stated that ". . ., after reasonable inquiry, the

information that [defendant] knows or can readily obtain is insufficient to enable [defendant] to

admit or deny [RFA] No. 30."  These are acceptable answers in accordance with Rule 36(a)(4)

and plaintiffs do not request relief with respect to these RFAs.  See Motion at 8-9; Pls.' Mem. of

Law at 11.

        **4.**     **RFA Nos. 6 and 8-12.**  In RFA No. 6, plaintiffs ask defendant to admit that

defendant "fully complied with its obligations under Section 12 of the Marketing Agreement

since March 8, 2010 without exception."  In RFA Nos. 8-12, plaintiffs ask defendant to admit

that it "alleges" certain information.  For example, in RFA No. 8, plaintiffs ask defendant to

admit that it "alleges to have fully performed all of its obligations under Section 14 of the

Marketing Agreement."  Defendant objected to these RFAs on numerous grounds including that

they are not proper requests because they "seek[] admission of matters outside the scope of

matters allowed under Rule 36(a)(1)."  (Motion Ex. B.)  In the Motion, plaintiffs admit that:

"Each of [these] Requests at issue asks [defendant] to admit that its contentions in this case

include contentions as to the existence of particular facts.  **Because Plaintiffs do not necessarily**

**seek to establish any such facts themselves, but need to know whether [defendant] intends**

**to make such effort at trial,** [RFAs] directed to [defendant's] contentions are both useful and

appropriate in this context."  (Pls.' Mem. of Law at 9 (emphasis added).)  In these RFAs,

plaintiffs are not asking defendant to admit to facts, but to disclose its trial strategy or legal

theories.  This is not the purpose of Rule 36.  See Howell v. Maytag, 168 F.R.D. 502, 504 (M.D.

Pa. 1996) ("While factual matters are generally appropriate subjects for discovery, trial strategy is

not.") (citing Fed. R. Civ. P. 26(b)(1) and 36) (other citations omitted).  Defendant's objections

to RFA Nos. 6, 8, 9, 10, 11 and 12 are sustained and no responses are required.

     **5.**     **RFA Nos. 17.**  Similarly, defendant asserts that RFA No. 17 requests information

outside the scope permitted by Rule 36.  This court disagrees.  In RFA No. 17, plaintiffs asks

defendant to admit that "in signing and sending those certain letters dated June 25, 2014 and

September 10, 2014, respectively, in response to Plaintiff's counsel's letters of June 5, 2014 and

August 7, 2014, respectively, Michael Adelman, Esq. was communicating [defendant's] position

as [defendant's] counsel with full authority and approval to do so."  These letters were

exchanged prior to the commencement of the instant litigation.  Whether Mr. Adelman acted

with the full authority and approval of his client may implicate attorney-client and work product

issues, but defendant has not raised this objection.  Absent this objection, RFA No. 17 must be answered since the request falls within the scope of Rule 36.  Defendant's objections to RFA No. 17 are overruled and defendant shall respond to this RFA with any qualifications required.

6.      **RFA No. 18.**

In RFA No. 18, plaintiffs ask defendant to admit that it fully responded to plaintiffs' First Request for Production of Documents.  Defendant objected to this RFA on the grounds that it requests information outside the scope of Rule 36.  This court agrees.  This type of request clearly is outside the scope of a proper Rule 36 request.  Defendant's objection to RFA No. 18 is sustained and no response is required.

7.      **RFA Nos. 3, 4, 7, 13, 19, 20, 21, 22, 23, 24, 25 and 28.**

Defendant objects to these RFAs on the grounds that they are overly broad and cannot be responded to with a simple and concise response, and they seek an admission as to a legal conclusion regarding an ultimate issue in the case.  (Resp. at 4-5.)

**RFA Nos. 3, 4 and 28.**  In these RFAs, plaintiffs ask defendant to admit that it did not notify plaintiffs of its election to terminate the Marketing Agreement upon sixty days' advance written notice (RFA Nos. 3 and 28 (similar RFA referring to Section 3 of the Marketing Agreement)) and that defendant never attempted to terminate the Marketing Agreement except through its letter dated January 9, 2015 (RFA No. 4).  In this stage of the litigation, whether the Marketing Agreement was breached and/or terminated appears to be at issue.  Defendant can respond to these requests "admitted" or "denied" with respect to the fact of any notice(s) it sent to plaintiffs on this issue.  Defendant need not respond, and the RFAs do not ask, whether the notice(s), if any, legally or effectively terminated the Marketing Agreement.  Defendant's

objections to RFA Nos. 3, 4 and 28 are overruled and defendant shall respond to these RFAs with any qualifications required.

**RFA No. 7.**  In RFA No. 7, plaintiffs ask defendant to admit that Section 12 of the Marketing Agreement required defendant to take certain action.  This is a straightforward request regarding the terms of the Marketing Agreement.  Either Section 12 states these terms or it does not.  Defendant's objections to RFA No. 7 are overruled and defendant shall respond to RFA No. 7 with any qualifications required.

**RFA No. 13.**  RFA No. 13 asks defendant to admit whether, during a specified time period, it never merged with or acquired any company that performed certain services and had certain annual consolidated revenues.  This is a straightforward request that can be answered within the confines of Rule 36(a)(4).  RFA No. 13 is not rendered overly broad or ambiguous because it contains qualifiers.  The request limits the company that defendant may have acquired or merged with by (1) the services that company provided and (2) its annual consolidated revenue.  None of these qualifications are vague, overly broad or indefinite.  Generally, a party responding to an RFA must consult reasonably available information in forming its response. "'Reasonably available,' in the context of requests for admission, includes 'investigation and inquiry of any of [the responder's] . . . personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." Moeck v. Pleasant Valley Sch. Dist., 2014 WL 4446730, at *2 (M.D. Pa. Sept. 10, 2014.)  The fact that the request may require defendant to investigate the response does not render it improper.  Defendant's objections to RFA No. 13 are overruled and defendant shall respond to RFA No. 13 with any qualifications required.

**RFA Nos. 19-22.**  In these RFAs, plaintiffs ask defendant to admit that it never referred existing or prospective corporate issuer clients seeking certain specified services to a company other than plaintiff (RFA Nos. 19 and 20), and to admit that defendant never provided those services directly (RFA Nos. 21-22).  With respect to RFA No. 22, which asks defendant to admit that it never provided certain services to any corporate issuer client from "March 8, 2015 to the present except as expressly permitted under the Marketing Agreement," defendant also objects on the ground that the time frame specified is not at issue in this litigation.  The court presumes this objection is based upon defendant's contention that the Marketing Agreement had been terminated and was no longer in effect during the time period stated in RFA No. 22.  All of these RFAs can be responded to simply and concisely within the requirements of Rule 36.  RFA No. 22 may be one of those situations where a brief qualification or explanation is required if defendant asserts that the Marketing Agreement was terminated prior to the time period specified.  These requests do not seek an admission as to a legal conclusion regarding an ultimate issue in this case.  Defendant's objections to RFA Nos. 19, 20, 21 and 22 are overruled and defendant shall respond to those RFAs with any qualifications required.

**RFA Nos. 23 and 24.**  This court agrees that these RFAs are overly broad, vague and ambiguous.

Request No. 23:  Please admit that [defendant] never developed, either on its own or through any outsourcing relationship with any third party, any software systems or platforms (including, without limitation, components of such software systems or platforms) for providing ESOPA Services to corporate issuers.

Request No. 24:  Please admit that [defendant] never developed, either on its own or through any outsourcing relationship with any third party, any software systems or platforms (including, without limitation, components of such software systems or platforms) for providing ESSPA Services to corporate issuers.

10

These RFAs contain no time period limitation and, therefore, are overly broad.  These RFAs also contain undefined terms such as "developed," "outsourcing relationship with any third party," "software systems or platforms" and "components of such software systems and platforms." Defendant's objections to RFA Nos. 23 and 24 are sustained and no responses are required.

      **RFA No. 25.**  Request No. 25 states as follows:  "Please admit that Broadridge has no knowledge of any existing or prospective Broadridge client(s) during the Period that would have qualified as a Viable Client under the Marketing Agreement (after receiving a demonstration of OptionTrax as set forth therein) that Broadridge did not refer to [plaintiffs] during the Period."  This is a straightforward request for an admission to a fact.  Again, the qualifiers do not make the request overly broad or vague.  This request does not seek an improper legal conclusion.  Defendant's objections to RFA No. 25 are overruled and defendant shall respond to RFA No. 25 with any qualifications required.

    **8.**    **RFA Nos. 1, 2, 5, 14(a), 14(b), 15(a), 15(b), 15(c), 15(d), 26, 27, 28, 31, 32, 33, 34, 35, 36 and 37.**

      Defendant objects to these RFAs on the grounds that they seek admission of matters outside the scope of Rule 36 and admission of legal conclusions regarding an ultimate issue in the case.

      **RFA No. 1.**  In this RFA, plaintiffs ask defendant to admit that it "never notified [plaintiffs] of a material breach by [plaintiffs] of any obligation of [plaintiffs] under the Marketing Agreement."  Under Pennsylvania law, whether a breach is "material" may be either an issue of fact or a matter of law depending upon the case.

      State law controls whether a breach is material.  In re Gen. DataComm Indus., Inc., 407 F.3d 616, 627 (3d Cir. 2005).  . . .

11

Pennsylvania precedent reflects that the materiality of a breach is generally an issue of fact to be decided by a jury.  Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P., 40 A.3d 1261, 1272 (Pa. Super. 2012).  Nevertheless, Pennsylvania appellate courts have affirmed lower courts' findings of materiality as a matter of law where the breach goes directly to the essence of the contract.  See, e.g., Manning v. Kelly, 2015 WL 9464459, at *13 (Pa. Super. 2015) (affirming the trial court's decision that "the breach of the [agreement] was material as a matter of law" because the "essential purpose of the [agreement] was . . . effectively rendered . . . a nullity."); see also Oak Ridge Const. Co. v. Tolley, 351 Pa. Super. 32, 504 A.2d 1343, 1348-49 (1985) ("under the circumstances, we find that [the plaintiff's] breach constituted a material failure of performance thereby discharging the [defendants] from all liability under the contract.").

. . .

The United States Court of Appeals for the Third Circuit has also acknowledged that a "breach is material when it goes to the essence of the contract," and "if the materiality question in a given case admits of only one reasonable answer (because the evidence . . . is either undisputed or sufficiently lopsided), then the court must intervene and address what is ordinarily a factual question as a question of law."  Norfolk S. Ry. Co. v. Basell USA Inc., 512 F.3d 86, 92-93 (3d Cir. 2008) (emphasis added).  Thus, in certain situations, Pennsylvania courts and the Third Circuit have concluded that it can be appropriate to answer the materiality inquiry as a matter of law.  See also KDH Elec. Sys., Inc. v. Curtis Tech. Ltd., 826 F.Supp.2d 782, 797 (E.D. Pa. 2011) (acknowledging summary judgment is appropriate if the materiality inquiry admits of only one reasonable answer).

Am. Diabetes Ass'n v. The Friskney Family Trust, LLC, 177 F.Supp. 3d 855, 867-68 (E.D. Pa. 2016).  The court also noted that Pennsylvania courts utilize a five factor materiality analysis outlined in Restatement (Second) of Contracts § 241 to determine whether a breach is "simple" or "material."  Id. at 686.

Response to this RFA requires defendant to consider the five factor analysis described above and potentially to make a legal conclusion about whether a breach is a "material breach."  Defendant's objections to this RFA are sustained and no response is required.

**RFA No. 2.**  This RFA asks defendant to admit that "the Initial Term of the Marketing Agreement automatically renewed for a successive one (1) year renewal term

12

commencing as of March 10, 2015 . . . pursuant to Section 3(e) of the Marketing Agreement."

Defendant contends in this litigation, inter alia, that the Marketing Agreement was terminated as

of March 10, 2015.  See Paramount Fin. Comm'ns, Inc. v. Broadridge Investor Comm'n

Solutions, Inc., No. 15-405, slip op. at 2 (E.D. Pa. July 6, 2015) (DuBois, J.).  However, this

RFA is a simple and concise request for a factual admission and can be answered within the

requirements of Rule 36.  Defendant's objections to this RFA are overruled and defendant shall

respond to RFA No. 2 with any qualifications required.

>    **RFA Nos. 5, 14(a) and 14(b).**  In RFA No. 5, plaintiffs ask as follows:

>    Please admit that [plaintiffs] fully complied with its obligations under Section 8 of
>    the Marketing Agreement without exception.  If your response to this Request is
>    anything other than admitted, then, in addition to adhering to the Instructions set
>    forth on the first page, describe in reasonable detail all instance where [plaintiffs]
>    failed to fully comply with its obligations under Section 8 of the Marketing
>    Agreement.

>    In RFA Nos. 14(a) and 14(b), plaintiffs ask defendant to admit that "it was not

induced to enter into the Marketing Agreement by any representation or warranty not set forth in

the Marketing Agreement" (RFA No. 14(a)), and that the "Marketing Agreement contains the

entire agreement and understanding of the parties with respect to its subject matter and

supersedes all existing agreements and all other oral, written or other communications between

them concerning the subject matter."  (RFA No. 14(b).)  If defendant's response is anything other

than "admitted," plaintiffs further instruct that "in addition to adhering to the Instructions set

forth on the first page, describe in reasonable detail the reasons and basis for that response."

>    This court already has determined that plaintiffs' Instructions at the beginning of

the RFAs regarding the contents of defendant's responses to the RFAs, were overly broad and

burdensome and did not comply Rule 36 and relevant case law and sustained defendant's objections thereto.  In these three RFAs, plaintiffs have made the response required even broader and more burdensome by imposing additional response requirements.  As stated, these RFAs are not phrased so that they can be responded to as required by Rule 36 and relevant case law.  <u>See</u> <u>United Coal</u>, 839 F.2d at 967-68.  Defendant's objections to RFA Nos. 5, 14(a) and 14(b) are sustained and no responses are required.

       **RFA Nos. 15(a) - 15(d).**  In these RFAs, plaintiffs ask defendant to admit that before it entered into the Marketing and Stock Agreements, it had knowledge of four specific positions communicated to defendant or its counsel by or on behalf of plaintiff Jonathan Miller.  These are straightforward RFAs asking whether defendant had knowledge of four specific communications.  However, as explained by defendant in its Response, this issue was raised during the deposition of Mark Kopelman, who explained that reference to only certain specific communications was a mischaracterization of the situation.  (Resp. at 9-10.)  Because these RFAs create an unwarranted or unfair inference regarding the matter addressed therein, qualification or further explanation may be required.  Defendant's objections to RFA Nos. 15(a) through 15(d) are overruled and defendant shall respond to these RFAs with any qualifications required.

       **RFA Nos. 26 and 27.**  In these two RFAs, plaintiffs ask defendant to admit that Adam D. Amsterdam, who signed the Marketing and Stock Agreements as President of Broadridge Output Solutions, Inc., "read and understood all of the terms, conditions and provisions" of those agreements before signing them, including, without limitation, Sections 6.8 and 6.9 of the Stock Agreement (RFA No. 26) and Section 12 of the Marketing Agreement (RFA

No. 27).  These RFAs are not proper requests under Rule 36 because they are not stated in simple and concise terms in order that they can be responded to within the requirements of Rule 36 and relevant case law.  The agreements are long, detailed and complicated documents.  The Marketing Agreement is eighteen pages in length and contains fifteen separately numbered paragraphs and numerous subparagraphs, along with three Exhibits.  The Stock Agreement is forty-two pages in length and contains seven separately numbered paragraphs and numerous subparagraphs, along with six Exhibits.  Defendant's objections to RFA Nos. 26 and 27 are sustained and no responses are required.

　　　　**RFA Nos. 31 - 37.**  These RFAs ask defendant to admit that Section 1 of the Marketing Agreement contained various terms.  These are straightforward requests.  The Marketing Agreement either contains the terms identified by plaintiffs or it does not.  Defendant's objections are overruled and defendant shall respond to RFA Nos. 31 through 37 with any qualifications required.

　　　　9.　　**RFA No. 16.**

　　　　In this RFA, plaintiffs ask defendant to admit that a Guarantee Agreement dated as of March 8, 2010, attached to the RFAs as Exhibit 2, is in full force and effect and that Broadridge Financial Solutions, Inc., as guarantor, is liable for any judgment obtained by plaintiffs in this litigation.  Defendant objected to this RFA on numerous grounds.  This court concludes that this RFA is outside the scope of requests permitted by Rule 36.  Broadridge Financial Solutions, Inc. is not a party to this litigation.  The Guarantee Agreement is not at issue for trial, but may be relevant for plaintiffs' post-judgment collection efforts should they obtain a judgment.  Moreover, this RFA seeks a legal conclusion as to the enforceability of an agreement

to which defendant is not a party.  In their Memorandum of Law, plaintiffs do not address RFA No. 16 and defendant's objection specifically.  Defendant's objections to RFA No. 16 are sustained and no response is required.

## III.    CONCLUSION

Defendant's objections to the instructions at the beginning of the RFAs, specifically instruction numbers 7, 8 and 10, are **SUSTAINED**.  Rule 36(a)(4) gives the party four options when responding to a RFA:  admit, deny, admit part, or state that after reasonable inquiry the party cannot truthfully admit or deny.  Qualification and explanation is permitted to avoid unwarranted or unfair inference created by a request taken out of context.  To the extent the instructions in the RFAs demand responses in excess of that required by Rule 36 and relevant case law, defendant's objections thereto are sustained and defendant need not comply therewith. Defendant's objections to the definitions at the beginning of the RFAs are **DENIED**.

RFA Nos. 14(c), 14(d), 29 and 30 are not at issue herein.  Defendant's objections to RFA Nos. 1, 5, 6, 8, 9, 10, 11, 12, 14(a), 14(b), 16, 18, 23, 24, 26 and 27 are **SUSTAINED** and no responses are required.  Plaintiffs' Motion with respect to these RFAs is **DENIED**. Defendant's objections to RFA Nos. 2, 3, 4, 7, 13, 15(a), 15(b), 15(c), 15(d), 17, 19, 20, 21, 22, 25, 28, 31, 32, 33, 34, 35, 36 and 37 are **OVERRULED** and defendant shall filed amended responses to these requests with any qualifications required.  Plaintiffs' Motion with respect to these RFAs is **GRANTED**.

All responses by defendant required by this court's contemporaneous Order shall comply with Rule 36(a)(4) and shall be served upon plaintiffs within fourteen (14) days of the date of the Order.  Defendant may qualify or explain its responses as needed.  It is within this

court's discretion to decide whether, upon consideration of a motion to compel admissions under Rule 36, to order requests admitted or to permit the responding party the opportunity to submit amended responses.  Because, as set forth above, plaintiffs' instructions regarding the requirements of defendant's responses were overly broad and burdensome, and did not conform with the requirements of Rule 36 and relevant case law, this court has decided to allow defendant the opportunity to amend its responses.

An appropriate Order follows.


BY THE COURT:


 /s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

17