IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PARAMOUNT FINANCIAL COMMUNICATIONS, INC., AND JONATHAN MILLER,**<br>         Plaintiffs, | CIVIL ACTION |
| v. | NO. 15-405 |
| **BROADRIDGE INVESTOR COMMUNICATION SOLUTIONS, INC.,**<br>         Defendant. | |

**MEMORANDUM OPINION**

Plaintiff Paramount Financial Communications, Inc. d/b/a Plan Management ("Paramount") moves for reconsideration of a post-judgment order and opinion to the extent that it struck testimony by Michael Molder, Paramount's damages expert, vacated the jury's damages award, and ordered a new trial on damages.  *Paramount Fin. Commc'ns, Inc. v. Broadridge Inv. Commc'ns Sols., Inc.*, 2023 WL 4755109, at *15-20 (E.D. Pa. July 26, 2023) ("Omnibus Opinion").

As relevant here, this is an action for breach of contract, a Marketing Agreement pursuant to which Defendant Broadridge Investor Communication Solutions, Inc. ("Broadridge") referred clients for which Paramount paid a fee.  Under the terms of the Agreement, Broadridge would be in material breach if it failed to make an adequate number of referrals.  That is exactly what happened.  Broadridge did not refer enough clients to Paramount.

1. **PROCEDURAL HISTORY**

Broadridge first challenged Paramount's damages expert, Molder, before trial in a *Daubert* motion.  Molder's proposed testimony concerned, *inter alia*, lost profits stemming from

1

Broadridge's failure to refer clients.  In its *Daubert* motion Broadridge argued that Molder should be precluded from testifying because his assumptions as to pricing calculations, a key component of the lost profits at issue, could not be based on anything in the record.  The Court denied Broadridge's motion on this point and permitted Molder to testify: "[g]iven that so many facts are still in dispute and that plaintiffs contend they will be able to present evidence at trial underscoring the reasonableness of each factual assumption, the Court cannot conclude that there is no 'reasonable basis' for Molder's factual assumptions in the record."  *Paramount Fin. Commc'ns, Inc. v. Broadridge Inv. Commc'n Sols., Inc.*, 2018 WL 7815202, at *9 (E.D. Pa. Dec. 13, 2018) ("*Daubert* Opinion").  Clarifying its holding, the Court stated that Molder's testimony, including the assumptions in his calculations, would be admissible at trial only "so long as there is a basis for those assumptions in the record."  *Id*. at *8 (citing *Williams v. Illinois*, 567 U.S. 50, 57 (2012)).

At trial, following Molder's testimony but before the jury's verdict was entered, Broadridge moved that Molder's testimony be struck because Molder's assumptions had no factual basis in the trial evidence.  The Court did not immediately rule on this motion but held it under advisement until after trial.  The jury found Defendant liable on the breach of contract claim (failing to refer clients under the Marketing Agreement) and awarded Plaintiffs $25,000,000 in compensatory damages.  The Court entered judgment.  Broadridge's Motion to Strike Molder's testimony remained pending.

Not long after, Broadridge moved for a judgment as a matter of law, or in the alternative for a new trial.  The Court then issued the Omnibus Opinion and order which granted Broadridge's Motion to Strike Molder's testimony and granted in part Broadridge's Renewed Motion for Judgment as a Matter of Law in so far as it sought a new trial on damages only.  The

Court then vacated the judgment as to damages only.

In reaching its decision on the Motion to Strike, the Court noted that an "expert opinion must have some basis in the record; otherwise, it is neither helpful nor relevant to the issues in the case." Omnibus Opinion, 2023 WL 4755109, at *16 (E.D. Pa. July 26, 2023).  Having meticulously examined and evaluated Molder's testimony the Court found that "[s]ignificant flaws in Molder's opinion were exposed upon cross examination." *Id*. at *18.  The Court then went on to specifically identify such flaws, concluding that "it was [an] error for the Court to have admitted []Molder's assumption without any basis in the factual record[,]" finding that "in the absence of [Molder's] testimony, there was insufficient evidence for the jury to reach a verdict as to damages." *Id*. at *19 & 20.

2. **MOTION FOR RECONSIDERATION**

A motion for reconsideration is an extraordinary remedy under which "a judgment may be altered or amended if the party seeking reconsideration shows . . . the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

Paramount argues that the Court made a clear error of law and, to prevent manifest injustice, the jury's award of $25,000,000 should be reinstated.  Specifically, Paramount argues, the Court's clear error was to permit Molder's testimony before trial but reverse course after the judgment was entered.  Not so.

The Court's careful review of the trial record revealed that Molder's testimony was not based in the trial record, as required.  It pointed specifically to Molder's pricing calculation, without which, it found, the jury could not have reached the damages verdict it did.  It also

3

referred back to its *Daubert* opinion in which it warned Paramount that "Molder's calculations were admissible so long as the factual assumptions underlying his calculations were adduced at trial[.]" Omnibus Opinion, 2023 WL 4755109, at *16 (E.D. Pa. July 26, 2023). It follows that only after the introduction of that evidence—the assumptions underlying Molder's calculations—could the Court determine whether Paramount failed to submit facts into the record on which Molder's assumptions could legitimately be based. Only then was the Court in a position to find that "too many of []Molder's assumptions were not reasonably based in the record." *Id*. at 19. And, while Paramount attempts to classify Molder's pricing calculation as a single datapoint among others, the Court disagreed and found that the jury could not have made its damages determination without Molder's pricing calculations. As the Court reasoned expert opinions must have some basis in the record, and found that Molder's calculation did not, its decision to strike Molder's testimony and vacate the jury's damages verdict was not clear error.[1]

Next, Paramount argues the Court lacked authority to change a judgment, once entered.[2] But "district courts have wide discretion in the management of their cases[,]" *United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007), *as amended* (July 2, 2007), including "broad powers with respect to timing and other considerations" in cases "as they proceed through the various stages before and during trial." *Yakowicz v. Com. of Pa.*, 683 F.2d 778, 784 (3d Cir. 1982). In exercising these powers, it is not unheard of—and certainly entirely appropriate where warranted—to strike testimony of an expert witness and order a new trial, even after judgment is entered. *See, e.g.*, *Am. Bearing Co. v. Litton Indus., Inc.*, 540 F. Supp. 1163, 1168 & 1175 (E.D.

---

[1] Paramount raises a number of arguments about Broadridge's failure to contradict Molder's damages testimony. Yet, this is not the question at issue here. Rather, it is whether Molder's testimony was admissible.

[2] To support this argument Paramount cites a single out-of-circuit decision and Federal Rule of Appellate Procedure 4. Yet, the Federal Rules of Appellate Procedure do not apply to district court proceedings and, a citation to a single out-of-circuit case is not controlling or persuasive.

Pa. 1982), *aff'd*, 729 F.2d 943 (3d Cir. 1984) (disturbing a portion of the jury's verdict a year after judgment was entered because an expert's opinion should have been excluded); *cf. Forrest v. Beloit Corp.*, 424 F.3d 344, 361 (3d Cir. 2005) (ordering a new trial after finding testimony was improperly admitted).[3] Given that discretion, the Court was well within its authority to hold the Motion to Strike under advisement and rule on it, along with other post-trial motions, after judgment was entered particularly as it had foreshadowed that it might strike Molder's testimony should Paramount not, as it promised it would, "present evidence at trial underscoring the reasonableness of each factual assumption." *Daubert* Opinion, 2018 WL 7815202, at *9 (E.D. Pa. Dec. 13, 2018). Thus, the Court had authority to vacate the jury's damages verdict and order a new trial.[4]

Paramount next argues that the Court's order striking Molder's testimony and ordering a new damages trial is a reversal of its *Daubert* opinion and, as such, runs afoul of the law of the case doctrine. The law of the case doctrine generally prevents relitigating an issue once it has been decided. *Hayman Cash Reg. Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982). But here there was no decision prior to trial that Molder's testimony would be admissible. There was an order that his testimony would be admitted only if certain conditions were met—specifically,

---

[3] Further, Federal Rule of Civil Procedure 59(a)(1)(A) permits courts to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial as heretofore been granted in an action at law in federal court[.]" "The decision to grant or deny a new trial is 'confided almost entirely to the . . . discretion . . . of the trial court[.]'" *Shanno v. Magee Indus. Enters., Inc.*, 856 F.2d 562, 567 (3d Cir. 1988) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980)).

[4] For the first time in its reply brief, Paramount argues that the Court lacked authority to vacate the jury's verdict and order a new trial on damages, pursuant to Federal Rule of Civil Procedure 61 which instructs that "no error in admitting or excluding evidence . . . is ground for granting a new trial" if that error was harmless. Yet, Paramount waived this argument in failing to raise it in its opening brief. *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)), *cert. denied*, 513 U.S. 946 (1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes "a passing reference to an issue . . . will not suffice to bring that issue before this court."). And, even if this argument were properly made, because the jury could not have reached its verdict without Molder's testimony, allowing Molder's testimony to remain was anything but harmless.

5

only if Paramount adduced evidence at trial to support assumptions underpinning Molder's calculations. This was not, as Paramount claims, a blanket approval of Molder's methodology. And the Court specifically warned Paramount of this in its *Daubert* opinion and discussed this warning in its Omnibus Opinion. Thus, in striking Molder's testimony, the Court did not reverse or revise its *Daubert* opinion. Rather, it evaluated the trial record and simply followed through on the condition it set out in its *Daubert* opinion for the admissibility of Molder's testimony. Thus, the law of the case does not apply.

    For the reason set forth above, Paramount's Motion for Reconsideration will be denied. An appropriate order follows.

                                   **BY THE COURT:**

                                   /S/Wendy Beetlestone, J.

                                   **WENDY BEETLESTONE, J.**